MUÑOZ, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la
Propiedad de Guayama.

No. 167.—Resuelto en enero 26, 1914.

EXPEDIENTES POSESORIOS—JURISDICCIÓN DE LAS CORTES MUNICIPALES—JURISDIC-
CIÓN DE LAS CORTES DE DISTRITO.—De acuerdo con los artículos 390 y 391
de la Ley Hipotecaria la jurisdicción para conocer de los expedientes pose-
sorios radica primeramente en la corte de distrito y únicamente en los casos
en que no haya corte de distrito, en el municipio en donde radica la finca
es que las cortes municipales tienen jurisdicción.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Luis Capó.*
El registrador, Sr. Felipe Cuchí Arnau, no compareció.
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.
La Corte Municipal de Guayama ordenó la inscripción en
el Registro de la Propiedad de Guayama de una certificación
de posesión de una casa que se describe en dicha certificación
y a la que se da un valor de $3,200. Al ser presentada la
certificación al registrador denegó éste su inscripción fundán-
dose en que la Corte Municipal de Guayama carecía de juris-
dicción para conocer de dichos expedientes posesorios.

Sostiene el apelante en la apelación que se ha interpuesto
contra dicha nota que los jueces municipales tienen facultad
para librar estas certificaciones de expedientes posesorios, de
conformidad con los artículos 390 y 391 de la Ley Hipote-
caria, pero no podemos estar de acuerdo con sus razonamien-
tos. Según el artículo 390 de dicha ley se dió facultad a los
juzgados de primera instancia, que fueron reemplazados por
las actuales cortes de distrito, para expedir certificaciones de
expedientes posesorios. Dicho artículo también dispone que
si los bienes estuvieren situados en un término donde no
haya juzgado de primera instancia, en ese caso podrá actuar
el juez municipal. La corte de distrito es la que puede cono-
cer primeramente de estas informaciones y solamente podrá

la corte municipal intervenir en dichos procedimientos si no hubiere corte de distrito en el lugar donde se encuentran radicados los bienes. La Corte Municipal de Guayama no está comprendida en la excepción, puesto que la Corte de Distrito de Guayama está situada en esa ciudad.

Las disposiciones de la Ley Hipotecaria quedaron vigentes por virtud de la Orden Militar de 1899, No. 118, artículo 71, no habiendo sido jamás derogados los expresados preceptos de la Ley Hipotecaria relativos a certificaciones en expedientes de posesión por ninguna ley de la Legislatura. Aun en el caso de que se alegara que las cortes municipales tienen jurisdicción en los casos en que la suma en controversia no sea más que de $500, semejante cuestión no podría plantearse en el presente caso porque la finca tiene un valor que excede a dicha suma, o sea de $3,200.

Debe confirmarse la nota del registrador.

*Confirmada la nota.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.